Filed March 12, 1884.

---

No. 10,591.

HARBIN *v.* KETRON.

From the Knox Circuit Court.

*H. S. Cauthorn, J. M. Boyle* and *C. M. Wetzel,* for appellant.

BICKNELL, C. C.—A writ of mandate was issued to the judge of the Knox Circuit Court requiring him to sign and file a true bill of exceptions in this cause. The return to the writ showed that the judge had filed a true bill of exceptions in the clerk's office of the Knox Circuit Court, in obedience to the writ, and thereupon further proceedings on the mandate were discontinued. The said bill of exceptions was afterwards brought here by *certiorari.* The appellee brought this suit against the appellant and one Rufus M. Steffey to set aside a deed purporting to have been executed by her, for the reason that it was a forgery. The plaintiff dismissed the suit as to the defendant Steffey. Issues were joined between the plaintiff and the defendant Harbin, which were tried by a jury, who found for the plaintiff, and, over a motion by Harbin for a new trial, judgment was rendered for the plaintiff. Harbin appealed. He has filed a brief in which he alleges that the bill of exceptions shows on its face that it is incomplete, and that he can show by numerous affidavits that it is not a true bill, by reason of the fault of the other party, and therefore he asks this court either to reverse the judgment and award a new trial, or else to set aside the order dis-

charging the trial judge in the mandate proceedings, and to require said judge to answer the writ of mandate "so as to give a bill of exceptions which this court can recognize as such." But a bill of exceptions, signed by the judge as a true bill, can not be attacked in this way. *Beavers* v. *State*, 58 Ind. 530. And as the appellant has not made any assignment of errors his appeal must be dismissed. *Vaughn* v. *Ferrall*, 50 Ind. 221.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the appeal in this cause be, and the same is, hereby, dismissed, at the costs of the appellant.

Filed March 12, 1884.